# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**FREDERICK OLSON,**
**SHARON OLSON**, and
**SHARON J. OLSON TRUST**,

    Plaintiffs,

v.                                                2:23-cv-963-JLB-NPM

**QBE SPECIALTY INSURANCE COMPANY**,

    Defendant.

## ORDER

This action involves a dispute over insurance benefits for property damage after Hurricane Ian. In accordance with the terms of their insurance policy, plaintiffs moved to compel appraisal and defendant QBE Specialty Insurance Company agreed. But in doing so, QBE maintained that the appraisal award should itemize damage by wind and flood, since the policy does not provide coverage for the latter. On January 10, 2024, the court held a hearing to discuss plaintiffs' motion and then issued an order compelling appraisal. (Docs. 22, 26). QBE now moves for clarification or reconsideration of the court's appraisal order, positing that:

> The Appraisal Order does not rule on whether any damage caused by both flood and wind is covered or excluded and, although it requires some itemization, does not specifically include itemization based on causation. As such, it appears the Court is passing this on to the appraisal panel, and effectively eliminating QBE's ability to challenge coverage if the panel decides that damage caused by both flood and wind should be awarded. QBE seeks clarification regarding whether passing to [sic] this issue to the

> appraisal panel without preserving it for the Court's [sic] is the Court's intent, or whether the itemization is to include itemization as to causation.

(Doc. 27). Because QBE seeks to clarify the court's intent as to the prior appraisal order, we construe its motion as a request for clarification. *See Casequin v. CAT 5 Contracting, Inc.*, No. 2:18-cv-588-JLB-MRM, 2021 WL 4748727, *1 (M.D. Fla. Oct. 12, 2021).

In its appraisal order, the court explained that "[o]verall, the award must be made with full consideration of the provisions, exclusions, and other terms of the insurance policy. After the appraisal panel determines what was ***caused by the covered peril, as opposed to excluded causes***, and further determines the amounts and values of the losses ***attributed to the covered peril***, the court will account for policy limits, deductibles, and prior payments before entering any judgment." (Doc. 26 at 4) (emphasis added). As such, the court directed the appraisal panel to sort out what damage was caused by a covered peril, which in this case is wind, and only wind.

From the court's perspective, this was sufficient as the policy unambiguously states, "**THIS IS A POLICY LIMITED TO THE PERILS OF "WIND" and "WINDSTORM". IT DOES NOT PROVIDE FLOOD, STORM SURGE OR WAVE WASH COVERAGE.**" (Doc. 1-1 at 18). *See Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002) (appraisers are to "inspect the property and sort out how much is to be paid on account of a covered peril" and "exclude

payment for a cause not covered such as normal wear and tear, dry rot, or various other designated, excluded causes.") (internal quotations and citation omitted). Thus, as discussed during the hearing, the court's order calls for exactly what QBE seeks: an appraisal of losses that are not attributable in whole or in part to flood damage.

Accordingly, the construed request for clarification is **GRANTED**, but any request for reconsideration is otherwise **DENIED**. While QBE's motion should not have prevented the parties from selecting the members of the appraisal panel, or the panel from getting underway with its work, it appears that the parties have shirked the deadlines mandated in the appraisal order. They were to either file a joint notice identifying the appraisal panel members by August 15, 2024, or file a motion requesting a court-appointed umpire by August 22. Neither happened, suggesting the panel has yet to be assembled (no one sought relief from, or enforcement of, the schedule).

Consequently, the schedule is amended: by **March 7, 2025**, each party must select a competent and impartial appraiser. The appraisers must agree to an umpire by **March 21, 2025**, and the parties will contemporaneously file a joint notice identifying the members of the appraisal panel. If the appraisers are unable to agree, then the parties will file a motion by **March 28, 2025**, requesting a court-appointed umpire, and the motion will be set for an in-person hearing during which the parties' appraisers will explain their objections to each other's proposed umpires. The

- 4 -

appraisal process must be completed by **May 30, 2025**. Within **one week** after the appraisal concludes, the parties must promptly file a joint notice informing the court of the outcome of the appraisal and attach a copy of the appraisal award. The parties must also contemporaneously file a joint motion to lift the stay and advise the court about the nature of any further proceedings that may be appropriate. All the provisions in the court's order referring the amount-of-loss issues to appraisal remain in effect. (Doc. 26).

            **ORDERED** on February 27, 2025

            _____
            NICHOLAS P. MIZELL
            United States Magistrate Judge